820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eva M. ELYETT, Widow of Robert Elyett, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 86-1224.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 4, 1987.
Decided June 5, 1987.
 
 Before RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Thomas Roy Michael; Michael & Kupec, on brief, for petitioner.
 Douglas A. Smoot; Jackson, Kelly, Holt & O'Farrel; Richard Zorn, Office of the Solicitor, Division of Employee Benefits, on brief, for respondents.
 PER CURIAM:
 
 
 1
 Petitioner, decedent's surviving widow, appeals the denial of benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. (1982). We affirm.
 
 
 2
 On May 27, 1976, the decedent filed a claim for occupational pneumoconiosis benefits and submitted to an examination by Dr. Post, who concluded that the decedent suffered from chronic obstructive pulmonary disease caused by coal dust exposure. Shortly after this examination the decedent died from a gun shot wound to the head. No autopsy was performed.
 
 
 3
 The petitioner sought benefits, and the mine operator stipulated that she was entitled to the 25-year widow's presumption contained in 20 C.F.R. Sec. 727.204. The operator then submitted decedent's medical records to three nonexamining physicians who all concluded that the decedent did not have pneumoconiosis, and that his pulmonary impairment was caused by heart disease rather than by pneumoconiosis. The Administrative Law Judge (ALJ) determined that the operator had rebutted the presumption and denied benefits. The Benefits Review Board (Board) affirmed this decision.
 
 
 4
 The petitioner now contends that, as a matter of law, the reports of nonexamining physicians cannot provide "substantial evidence" to rebut the presumption unless those reports are either corroborated by an examining physician or are uncontradicted by an examining physician. This contention is at odds with Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), in which we stated that all relevant medical evidence must be considered and weighed, including, but not exclusively, nonqualifying x-rays, test results, and opinions. The only limitation on the weight given to this evidence is that a claim may not be denied solely on the basis of one negative chest x-ray. 30 U.S.C. Sec. 923(b).
 
 
 5
 Because the nonexamining physicians did not base their opinions on one x-ray that they read as negative, but considered the decedent's entire medical record, including reports of other treating physicians, we cannot say that the Board erred in finding substantial evidence to rebut the presumption. Therefore, the decision of the Board is
 
 
 6
 AFFIRMED.